UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAROND CHEATUM, an individual,<br><br>                        Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, a municipality, SAN DIEGO POLICE DEPARTMENT, and OFFICER ESTRADA (#6871), an individual; and DOES 1-25, inclusive,<br><br>                        Defendants. | Case No.: 18-cv-1703-BTM-AGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO SEAL**<br><br>**[ECF No. 11]** |

    Before the Court is Defendants' Motion to Seal documents contained in its Motion to Dismiss the Complaint. (See ECF No. 10-5). The Complaint alleges that Defendant officers deployed excessive force, ordering a K-9 to attack Plaintiff after he had already surrendered to arrest. (See ECF No. 1). Defendants request leave to file the following documents under seal:

- Exhibit 1: Body worn camera footage of Officer Carlos Estrada;
- Exhibit 2: Transcript of Officer Estrada's body worn camera footage;
- Exhibit 3: Recording of Sgt. Scott Holslag's interview of Mr.

1

Cheatum; and

- Exhibit 4: Transcript of Sgt. Holslag's interview.

Defendants state that the above exhibits will likely be subject to a protective order as the litigation progresses because they contain confidential information, including, "Defendants' tactics and the police service dog's bite command, information regarding the plaintiff's mental status on the date of the incident, the officers' identities and their badge numbers." (ECF No. 11-1 at 3). Defendants add that the exhibits contain private and personal information regarding Plaintiff, as well as privileged official information that was not open or officially disclosed to the public prior to the assertion of privilege. (Id.)

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.' " *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Communs., Inc.*, 435 U.S. 589, 597 n.7 (1978)). The party moving to seal "bears the burden of overcoming this strong presumption [of access] by meeting the compelling reasons standard." *Id.* at 1178 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). The standard requires the moving party to "articulate compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1179 (internal citations and quotation marks omitted). The district court must then "weigh relevant factors, base its decision on a compelling reason, and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 679 (9th Cir. 2010) (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate

libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179. If public access to the documents to be sealed would "promot[e] the public's understanding ... of [a] significant public event[ ]," that fact weighs against sealing the judicial record. *Valley Broad. Co. v. U.S. Dist. Court for Dist. of Nevada*, 798 F.2d 1289, 1294 (9th Cir. 1986).

      The Court grants Defendants leave to seal information concerning the dog bite command, because public knowledge of such a command could jeopardize security. The Court DENIES the rest of the Motion. Although Plaintiff does not object to sealing the above exhibits, Plaintiff does not affirmatively request their sealing to preserve his privacy. Moreover, the Court is concerned that such records are of significance to the public, who has an interest in the activity of law enforcement and its use of force. The Motion does not address the public interest, nor does it articulate a compelling reason that would outweigh the public's interest in disclosure of the body cameras, videos, or transcripts described. Accordingly, the Motion to Seal is denied as to all but the dog bite command itself. (ECF No. 11). Defendants shall publically file redacted exhibits in accordance with this order. The unredacted exhibits shall be filed under seal.

**IT IS SO ORDERED.**

Dated: July 26, 2019

                                              _____
                                              Honorable Barry Ted Moskowitz
                                              United States District Judge