| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| KAROND CHEATUM, | Case No.: 3:18-cv-01703-BTM-AGS |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |
| CITY OF SAN DIEGO, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss. (ECF No. 10 ("Mot. to Dismiss").) For the reasons discussed below, the Court **GRANTS IN PART AND DENIES IN PART** the motion.

## I. BACKGROUND

On July 9, 2017, Defendant Carlos Estrada ("Estrada"), a police officer employed by Defendant City of San Diego Police Department ("SDPD"), responded to an incident involving Plaintiff. (ECF No. 1 ("Compl.") ¶¶ 8–9.) Plaintiff was "in the middle of the street disrupting traffic, running in and out of cars, yelling and threatening to engage in combat." (*Id.* at ¶ 8.) Estrada arrived on the scene with his police service dog ("PSD") and approached Plaintiff. (*Id.* at ¶ 9; Mot. to Dismiss, 1:6–7, 20–22.) When Plaintiff did not comply with Estrada's commands, Estrada gave the PSD a "bite command." (Compl., ¶ 9; Mot. to

1

Dismiss, 2:26–27.) The PSD bit Plaintiff's forearm. (Mot. to Dismiss, 2:28). Plaintiff fell to the ground and officers began to handcuff him. (Compl., ¶¶ 9–10, 12.) The PSD continued to hold its bite on Plaintiff while Plaintiff was on the ground in a prone position and for some time after he was handcuffed. (*Id.*) Plaintiff sues the City of San Diego ("City"), SDPD, and Estrada for claims related to this incident. Defendants move to dismiss under Rules 8 and 12 of the Federal Rules of Civil Procedure.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 8, each pleading must include a "short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." *Id.* 8(d)(1). A district court may dismiss a complaint for failure to comply with Rule 8 where it fails to provide the defendant fair notice of the wrongs allegedly committed. *See Cafasso, United States ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) (citing cases upholding Rule 8 dismissals where pleadings were "verbose," "confusing," "distracting, ambiguous, and unintelligible," "highly repetitious," and comprised of "incomprehensible rambling").

A Rule 12(b)(6) motion to dismiss should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a legal claim. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in the plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal is appropriate only where "the complaint fails to state a claim to relief that is plausible on its face." *Curry v. Yelp Inc.*, 875 F.3d 1219, 1224–25 (9th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

//
//

## III. DISCUSSION

**A. Excessive Force**

As a threshold matter, the Court addresses Defendants' contention that Plaintiff has failed to properly plead excessive force in all the claims raised in the complaint. (Mot. to Dismiss, 12:23–13:19.) Defendants aver that the "relevant inquiry . . . is 'whether the officers' actions are objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." (Mot. to Dismiss, 12:26-13:2 (quoting *Graham v. Connor*, 490 U.S. 386, 397 (1989)).) They argue that Estrada's use of force via the PSD was objectively reasonable because Plaintiff "clos[ed] in on Officer Estrada in a threatening manner." (*Id.* at 13:5–7.)

In support of its motion to dismiss, Defendants ask the Court to take judicial notice of what is purported to be Estrada's body-worn camera footage, an audio recording of Sergeant Scott Holslag's post-arrest interview of Plaintiff, and transcripts of both. (ECF No. 10 ("RJN"); ECF No. 10 ("Plotkin-Wolff Decl.").) A court may take judicial notice of material incorporated by reference in the complaint. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Defendants ask the Court to take judicial notice of the exhibits because "they are incorporated into the complaint by reference and form the basis of Plaintiff's claims." (RJN, 3:22–23.) District courts in the Ninth Circuit are split on whether they may consider police body-worn camera footage in a Rule 12 motion under the incorporation-by-reference doctrine. *Lee v. City of San Diego*, 2019 WL 117775, at *4–*5 (S.D. Cal. 2019) (explaining the split and ruling that the body camera footage was not incorporated by reference because the complaint did not refer it and Plaintiff's claims were thus not based on it). Plaintiff does not rely on the body camera footage in his complaint. Instead, he specifically references "viral" videos recorded by bystanders who witnessed the incident. (Compl., ¶ 11.) Further, the Court finds no basis supporting Defendants' contention that Plaintiff relied upon

the Holslag interview in the complaint. Therefore, the Court declines to take judicial notice and does not consider the video and interview in deciding the motion to dismiss.

The relevant inquiry is whether Estrada's use of force was "objectively reasonable" under the circumstances. *Graham*, 490 U.S. at 397. This is a question of fact best answered on a full record rather than on a motion to dismiss. *See Cameron v. Craig*, 713 F.3d 1012, 1021 (9th Cir. 2013). Accordingly, the Court **DENIES** the motion to dismiss to the extent that it argues Plaintiff has failed to properly plead excessive force.

## B. Dismissing SDPD

Defendants move to dismiss SDPD as a defendant with respect to the first cause of action. (Mot. to Dismiss, 6:20–8:6.) Plaintiff does not oppose. (ECF No. 12 ("Pl.'s Opp.") 5:24–28.) Accordingly, the Court **DISMISSES** SDPD from the first cause of action.

## C. First Cause of Action: 42 U.S.C. § 1983

Plaintiff's first cause of action is for the unlawful use of force during the July 9, 2017 arrest. (Compl., 6:4–7:23.) Defendants move to dismiss this cause of action. (Mot. to Dismiss, 8:7–27.) First, Defendants argue that the claim is confusing because Plaintiff does not identify which Chief of Police is relevant to this action. (*Id.* 12:11–13.) Plaintiff seeks leave to amend to identify the correct Chief of Police. (Pl.'s Opp., 6:9–15.) The Court **GRANTS** Plaintiff leave to amend his complaint to clarify which Chief of Police he references.

Second, Defendants argue that Plaintiff's complaint is unclear as to which constitutional amendment serves as the basis of his § 1983 claim. (Mot. to Dismiss, 8:14–20.) Plaintiff responds that he sues under both the Eighth and Fourteenth Amendments separately. (Pl.'s Opp., 6:15–25.) Defendants move to dismiss this cause of action for failure to state a claim under the Eighth Amendment. (Mot. to Dismiss, 8:21–22.)

In *Graham v. Conor*, the United States Supreme Court held that excessive force arising from an arrest is analyzed under the Fourth Amendment. 490 U.S. at 388, 395 ("[*A*]*ll* claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach." *Id.* at 395). Plaintiff's suit is based on the use of force during an arrest. The Court accordingly construes Plaintiff's first cause of action as a 42 U.S.C. § 1983 claim premised on a violation of the Fourth Amendment's prohibition against unreasonable seizures. Plaintiff states a claim for relief under § 1983. The Court **DENIES** Defendants' motion to dismiss this cause of action to the extent it alleges a Fourth Amendment violation. The § 1983 claim is **DISMISSED** insofar as it asserts violations of the Eighth Amendment and of substantive due process under the Fourteenth Amendment.

**D. Second Cause of Action: Failure to Properly Train**

Plaintiff's second cause of action is for failure to properly train SDPD officers. (Compl., 7:24–9:5.) Defendants argue that this cause of action should be dismissed because it is confusing under Rule 8 and fails to state a claim under Rule 12(b)(6). (Mot. to Dismiss, 8:7–10:22.) The Court construes this cause of action as a § 1983 claim alleging a failure-to-train theory, under the rubric of *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989). *See also Connick v. Thompson*, 563 U.S. 51 (2011). As for Rule 8, the Court has already granted Plaintiff leave to amend to identify the relevant Chief of Police. The Court does not find that the complaint otherwise fails under Rule 8.

With respect to Rule 12(b)(6), the Court finds that Plaintiff has stated a claim for failure to properly train under § 1983. *City of Canton* established a four-part test for § 1983 claims seeking municipal liability for inadequate police training: "(1) that [Plaintiff] possessed a constitutional right of which he was deprived; (2) that

the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy [was] the 'moving force behind the constitutional violation.'" *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton*, 489 U.S. at 389–91); *see also Merritt v. Cty. of L.A.*, 875 F.2d 765, 770 (9th Cir. 1989). The Supreme Court has said that inadequate training "may rise to the level of an official government policy for purposes of § 1983." *Connick*, 563 U.S. at 61.

Plaintiff has adequately pled each of these elements under Rule 12. First, Plaintiff describes the extended dog bite he received from a PSD while being placed under arrest. (Compl., ¶¶ 8–12.) He argues that this constituted excessive force because the dog held its bite longer than necessary to subdue him. (*Id.* at ¶ 12.) As discussed above, excessive force is an unreasonable seizure under the Fourth Amendment. *Graham*, 490 U.S. at 395. Plaintiff has alleged a violation of a constitutional right of which he was deprived. He thus provides sufficient facts for the first element of inadequate training.

Second, Plaintiff adequately pleads that the City had a policy. He alleges that the City has multiple relevant policies, including "teach[ing] its K-9 officers to continue applying force, without regard to the level of threat a person bitten actually presents, and even after a suspect is subdued." (Compl., ¶¶ 13, 35–36.)

Third, Plaintiff has sufficiently pled that the alleged policies amount to deliberate indifference to his Fourth Amendment right. Plaintiff supports this assertion by referring to a pattern of PSD bites that extend longer than necessary to subdue individuals. (Compl., ¶ 18.) *See Connick*, 563 U.S. at 62 ("A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." (citations omitted)).

Finally, Plaintiff adequately pleads that the policy was the moving force behind the violation of his Fourth Amendment right. (Compl., ¶¶ 39–40.) These

statements go beyond mere bare bones recitations of the elements of this cause of action. The Court finds that Plaintiff has stated a claim. Accordingly, the motion to dismiss with respected to this cause of action is **DENIED**.

**E. Third Cause of Action: California Civil Code § 52.1**

Plaintiff's third cause of action is for interference of constitutional rights under the Bane Act, California Civil Code § 52.1. The Bane Act provides relief when a person "interferes by threat, intimidation, or by coercion . . . with the exercise or enjoyment by any individual or individuals of rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of [California]." Cal. Civ. Code § 52.1. Plaintiff asserts that Estrada and the City interfered with his First, Fourth, and Fourteenth Amendment rights by using excessive force against him. (Compl., ¶ 44–45.) He also alleges they interfered with "the equivalent provisions of the California Constitution." (Compl., ¶ 43.) Defendants move to dismiss this cause of action because it is confusing under Rule 8 and fails to state a claim under Rule 12(b)(6). (Mot. to Dismiss, 10:23–12:22.) Plaintiff does not oppose dismissing this claim with respect to the allegation of a First Amendment violation. (Pl.'s Opp., 10:13–14.) Accordingly, the Court **DISMISSES** the § 52.1 claim insofar as it asserts a First Amendment violation. The Court also **GRANTS** Plaintiff leave to amend his complaint to specify the "equivalent provisions of the California Constitution" that serve as the basis of his § 52.1 claim.

Plaintiff's remaining § 52.1 allegation is based on interference with his Fourth and Fourteenth Amendment rights. Defendants argue that for a constitutional violation to serve as the underlying basis for a § 52.1 claim, it must have been committed with threats, intimidation, or coercion independent of the threats, intimidation, or coercion inherent in the constitutional violation. (Mot. to Dismiss, 11:11–12:6.) *Reese v. County of Sacramento*, to which Defendants cite, rejects this argument. 888 F.3d 1030 (9th Cir. 2018). In *Reese*, the Ninth Circuit followed

7

3:18-cv-01703-BTM-AGS

the California Court of Appeal's holding in *Cornell v. City and County of San Francisco*, 17 Cal.App.5th 766 (2017), which concluded that "the use of excessive force can be enough to satisfy the 'threat, intimidation or coercion' element of Section 52.1." *Reese*, 888 F.3d at 1043 (quoting *Cornell*, 17 Cal.App.5th at 382). *Cornell*'s holding narrowed the scope of *Shoyoye v. County of Los Angeles*, 203 Cal.App.4th 947 (2012), another case on which Defendants rely, and determined that "*Shoyoye* was limited to cases involving mere negligence." *Cornell*, 17 Cal.App.5th at 383. The instant case asserts excessive force. Thus, under *Cornell* and *Reese*, Plaintiff does not need to allege threats, intimidation, or coercion separate from that inherent in the alleged constitutional violation.

Under *Cornell*, a § 52.1 claim must plead the arresting officer's "specific intent to violate the arrestee's right to freedom from unreasonable seizure." *Id.* at 384; *see also Reese*, 888 F.3d at 1045. This intent can be inferred from the circumstances of the incident. *Cornell*, 17 Cal.App.5th at 384. The Court finds that the circumstances Plaintiff pleads in his complaint provide sufficient basis to infer such an intent. (*See* Compl., ¶¶ 11–12.)

The excessive force analysis under § 52.1 is the same as the excessive force analysis under 42 U.S.C. §1983. *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir. 2013). The Court's Rule 12 analysis thus is the same. *See Chaudhry v. City of L.A.*, 751 F.3d 1096, 1106 (9th Cir. 2014). Plaintiff states a claim for violation of § 52.1 based on interference with his Fourth Amendment right. Accordingly, the Court **DENIES** the motion to dismiss with respect to the § 52.1 claim asserting interference with Plaintiff's Fourth Amendment right; **DISMISSES** the § 52.1 claim insofar as it asserts violations of the First Amendment and of substantive due process under the Fourteenth Amendment; and **GRANTS** Plaintiff leave to amend to specify the California Constitution provisions he believes Defendants violated.

### F. Fourth Cause of Action: Negligence

Plaintiff's final cause of action is for negligence against Estrada. (Compl.,

10:10–24.) Under California law, a negligence claim requires "a legal duty to use due care, a breach of such legal duty, and the breach as the proximate or legal cause of the resulting injury." *Vasilenko v. Grace Family Church*, 3 Cal.5th 1077, 1198 (2017). Plaintiff alleges that Estrada owed a duty of care to the public "to act reasonably and to control his [PSD]" and "a duty to act with ordinary care and prudence so as not to cause harm or injury to another." (Compl., ¶¶ 50–51.) Plaintiff asserts that Estrada breached this duty by "fail[ing] to prevent his [PSD] from continuing to attack Plaintiff after Plaintiff was subdued and handcuffed." (*Id.* at ¶ 52.) Finally, he argues that he suffered damages from the PSD bite hold, contending that his injuries were a direct a proximate cause of Estrada's breach. (*Id.* at ¶¶ 15, 53.) This meets the pleading standard and goes beyond mere recitation of the elements of negligence.

Defendants also move to dismiss the negligence claim on the basis that it is "wholly derivative" of the 42 U.S.C. § 1983 excessive force claim. They cite to *Ortega v. City of Oakland*, 2008 WL 4532550 (N.D. Cal. 2008) to support this contention. *Ortega* is inapplicable here. In *Ortega*, the Northern District of California granted summary judgment on the plaintiff's negligence claim because it held that the detention was reasonable. *Id.* at *14.

Defendants also argue that Plaintiff cannot prevail on the negligence claim because Estrada did not act unreasonably under an objective standard. (Mot. to Dismiss, 14:5–13.) As discussed above, whether Estrada acted reasonably under the circumstances is a question to be resolved on a full record rather than on a motion to dismiss. Accordingly, the motion is **DENIED** with respect to this cause of action.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss as follows. SDPD is dismissed from the first

cause of action asserting a 42 U.S.C. § 1983 violation and the claim is dismissed insofar as it asserts violations of the Eighth Amendment and of substantive due process under the Fourteenth Amendment. The California Civil Code § 52.1 claim is dismissed with respect to the alleged violations of the First Amendment and substantive due process under the Fourteenth Amendment. The motion is **DENIED** on all other grounds. Plaintiff is **GRANTED** leave to amend his complaint within 21 days of the entry of this Order to identify the correct Chief of Police and the California constitutional provisions relevant to his § 52.1 claim.

**IT IS SO ORDERED**.

Dated: September 23, 2019

Honorable Barry Ted Moskowitz
United States District Judge